UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81010-CIV-ZLOCH

JODI E. MARRS-GONZALEZ,

    Plaintiff,

vs.                                      **O R D E R**

OASIS LENDING, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Oasis Lending, Inc.'s Motion To Dismiss And Alternative Motion For Summary Judgment (DE 17). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    This is a dispute between Plaintiff Jodi E. Marrs-Gonzalez and her former employer, Defendant Oasis Lending, Inc., over whether it gave her notice that she could continue her medical coverage under its insurance plan, as required by ERISA, after her employment ended. After discovery, Defendant filed the instant Motion To Dismiss, claiming it falls under ERISA's small-employer exception, which exempts employers with fewer than 20 employees from ERISA's notice requirement. Defendant employs both part-time and full-time employees, a majority of whom are paid on a commission-only basis, and argues that it falls under the exception because most of its employees work on a part-time basis.

1

Congress has not clearly defined how courts are supposed to calculate employees under the exception; there are, however, two Treasury Department Regulation formulas that determine how many part-time employees equal one full-time employee based on hours worked. Because Defendant paid most of its employees on a commission-only basis, it apparently did not maintain a record of the number of hours its employees worked; instead, for purposes of this Motion it employed a novel formula for calculating employees based on an estimation of hours worked as a function of commission earned. Despite the practicality of this approach, no regulation or statute, provides for this sort of <u>ad hoc</u> calculus for the small-employer exception. As such, genuine issues of material fact remain as to how many employees Defendant employed and, therefore, the instant motion is denied.

I.

Plaintiff worked for Defendant as a loan processor from 2003 to 2008. Defendant, a mortgage lender, employs both full-time and part-time employees; some employees are paid an hourly wage or salary, but the majority are paid on a commission-only basis. The number of sales an employee completes determines her commission. DE 36, Ex. 2. These sales are highly varied, with some employees closing only one sale a year. As an employee, Plaintiff was entitled to private medical insurance. After her employment ended, she claims that Defendant did not give her notice to continue her

insurance coverage, as required by ERISA. She then filed this suit to vindicate her rights, and in response Defendant denies liability and claims that its status as a small employer exempts it from ERISA's notice provision.

## II.

Defendant filed this Motion as one to dismiss the Complaint for lack of subject matter jurisdiction and in the alternative for summary judgment. An attack on the Court's subject-matter jurisdiction may be raised "at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). And the motion may make either a facial or factual challenge to the complaint. See Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990). A facial challenge goes to allegations of the Complaint, while a factual challenge, on the other hand, allows the trial court to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. at 1529. If the factual attack also implicates an element of a plaintiff's claim, a court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Id. at 1529.

Here the crux of instant Motion is not that the Court lacks jurisdiction; it is simply that Plaintiff cannot prevail in this case because it does not have to comply with the notice requirement under ERISA. As such, the Court has jurisdiction. The motion is

only addressed to whether genuine issues of material fact remain concerning whether Defendant was required to provide Plaintiff with notice. See Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003). Clearly, the issue of Defendant falling under the small-employer exception is an affirmative defense. Defendant is still required to comply with ERISA and the Court has subject-matter jurisdiction. Indeed, the Motion is addressed to whether Defendant had to comply with the notice provision of ERISA, not whether it was covered by ERISA. Therefore, the Court will apply the Rule 56 summary-judgment standard to the instant Motion.

Under that standard, summary judgment is authorized when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Inferences are drawn in favor of the non-moving party, but such inferences must fall within the range of reasonable probability. In fact, Rule 56(e) mandates that a party responding to a motion for summary judgment do so with affidavits, depositions, or other admissible evidence in order to reflect that there are material facts that must be presented to a jury for resolution. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-61 (1970).

To be clear, Defendant's Motion is for summary judgment and therefore pursuant to the Court's scheduling Order (DE 7), it is untimely and will be denied as such. However, for the sake of the Parties and any reviewing Court, the Court will enter this Order setting forth why even if the Motion was timely, it would still be denied.

### III.

Under ERISA, an employer must notify certain employees that they may elect to continue their medical insurance coverage under its group plan as a result of a "qualifying event." 29 U.S.C. § 1161(a). Termination is a "qualifying event" that triggers this duty. Id. §1162(2). But an employer is exempt from this duty if it falls under an exception, such as the small-employer exception. Id. § 1161(b). Under this exception, if an employer "normally employed fewer than 20 employees on a typical business day during the preceding calendar year," it does not have to provide notice of continuation of health insurance coverage. Id.

### A.

There is no clear method from the statute or regulations for calculating the number of employees for the purposes of ERISA's small-employer exception. The Court in Martinez v. Dodge Printing Centers, Inc. noted, "[t]here is little guidance from Congress, the administrative agencies or the courts on precisely how to determine whether a business 'normally employed fewer than 20 employees on a

5

typical business day' in order to qualify for the small employer exception." 123 B.R. 77, 79 (D. Colo. 1991). This lack of guidance forced the <u>Martinez</u> court to rely on a proposed 1987 Regulation promulgated by the Treasury Department for calculating the number of employees. The Martinez Court noted that the regulation was the best available formula for determining how many part-time employees are needed to equal one full-time employee for ERISA purposes. Martinez has become the seminal case for this question with many other courts following its holding and applying the Treasury Regulation. <u>Cruz Jiminez v. Mueblerias Delgado, Inc.</u>, 196 F. Supp. 2d 125 (D.P.R. 2002) (following <u>Martinez</u>); <u>Galati v. D & R Excavating, Inc.</u>, 2006 WL 839057 at *3 (D.Ariz. March 30, 2006) (Relying on <u>Cruz Jiminez</u> and noting, "[c]ourts have widely held the Treasury regulations to be at least persuasive authority for interpreting the COBRA provisions of ERISA.").

Despite this, Plaintiff argues that the Court should follow the standard set out by the Supreme Court in <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318 (1992), instead of looking to the Regulation's formulas. In <u>Nationwide</u>, the Supreme Court held that "[w]here a statute containing [a] term does not helpfully define it, this Court presumes that Congress means an agency law definition unless it clearly indicates otherwise." <u>Id.</u> at 318. The Supreme Court found that ERISA's text did not provide a helpful definition of "employee," so it applied "traditional agency law

6

criteria" to define it, including a multi-factored test. Id. at 319.

B.

The Treasury Department's Regulation states that an employer meets ERISA's small employer exception "if and only if, it had fewer than 20 employees on at least 50 percent of its typical business days" during "a particular year." 26 C.F.R. § 54.4980B-2, A-5(b). To count the number of employees, "[e]ach full-time employee is counted as one employee and each part-time employee is counted as a fraction of an employee." Id. A-5(d). The fraction attributed to each part-time employee is to be calculated using one of two formulas set forth in the Regulation: either on a "daily basis," or a "pay period basis." Id. A-5(e). Both formulas are based on hours worked. The part-time employees' hours act as their numerators and the full time employees's hours as their denominators. Id. A-5(e). For those who have not studied fractions in a few decades, the numerator is the top number and the denominator is the bottom number.

Defendant concedes that it did not document the number of hours its employees worked, a necessary component of the Regulation. DE 17, p. 3 (noting "Defendant does not maintain contemporaneous records of an employee's time."). So, in order to use the Regulation's formula, Defendant devised its own system to retroactively assign hours to its employees. Id. pp. 3-4. In its

7

analysis, Defendant categorized each of its employees based on earnings per year: employees who earned less than $5,000 per year were labeled as having worked less than 5 hours per week, employees who earned between $5,001 and $10,000 annually were labeled as having worked less than 10 hours per week, and employees who earned more than $10,000 annually were labeled as having worked at least 40 hours per week, or full-time. Id. pp. 3-4.

In response, Plaintiff argues that Defendant's ad hoc calculations fail because "[t]he employees at OASIS were paid straight commission[;] therefore[,] the hours they worked would not correlate with their pay, but rather their pay would correlate with how many transactions they were able to complete." DE 36, p. 10. Thus, it takes the position that Defendant's analysis is fatally flawed. The Court agrees.

Defendant's calculation of employees's hours and their application to the Regulation's formula are imprecise and incongruent with what the law demands. Because Defendant relies exclusively on this determination, it has failed to establish that no genuine issue of material fact exists as to its number of employees to qualify for the small-employer exception. Unless Defendant can provide proof of its employees's hours, the Court cannot apply the Regulation's formula to determine if Defendant meets the small-employer exception.

C.

If at trial the Defendant cannot produce records or witnesses to verify the number of hours worked by employees, the Court will turn to the definition of "employee" in <u>Nationwide.</u> Instead of relying on a quantitative formula to calculate the number of employees under ERISA, <u>Nationwide</u> adopted a qualitative test to determine whether an individual is an "employee" under the statute. <u>Nationwide</u>, 503 U.S. 318 (1992). The common law, 12-factor test that the Supreme Court applied in its analysis does not delineate between full-time and part-time employees. <u>Id.</u> Instead, it only looks to whether an individual working for an employer is an "employee" under the statute. <u>Id.</u> It is worth stressing that the statute for the small employer exception does not distinguish between full and part-time employees. It simply employs the unqualified term "employees."

## IV.

In conclusion, Defendant's Motion (DE 17) is one for summary judgment, because it calls for matters outside the pleadings and does not go to the Court's lack of subject-matter jurisdiction, and will be denied as untimely. Also, for the sake of clarity, the Court finds that the Treasury Department Regulation creates a need to calculate the number of part-time employees under ERISA's small-employer exception. Because it is necessary to use the employees's hours under its formulas, it is only appropriate to use the Treasury Regulation when the employees's hours are documented or

can be otherwise established by some reliable means of proof. In this case, on the evidence presented, no such documentation exists, and therefore an application of the Regulation, as well as Defendant's ad hoc calculations in reference to it is improper. If at trial there is no proof establishing the hours worked of Defendant's employees, the court will apply Nationwide's qualitative factor test to determine whether Defendant meets the small-employer exception. Thus, regardless of whether Defendant's Motion were untimely, genuine issues of material fact remain as to how many employees Defendant employed, and, consequently, whether it meets ERISA's small-employer exception.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Oasis Lending, Inc.'s Motion To Dismiss And Alternative Motion For Summary Judgment (DE 17) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   12th   day of August, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel of Record